UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOANIE M. FABRE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1647-MLCF-SS** |
| **AMERICAN AIRLINES, INC., et al** | |

### ORDER

PLAINTIFF'S MOTION TO COMPEL ANSWERS AND RESPONSES (Rec. doc. 47)

**DENIED**

  Before the undersigned is the motion of the plaintiff, Joanie M. Fabre ("Fabre"), to compel answers and responses to discovery. Fabre filed a complaint charging race and age discrimination, gender bias and harassment against her former employer, American Airlines, Inc. ("American"). She alleges that she was employed by American for nineteen years. She transferred from Chicago to Dallas/Fort Worth in 2000 and then to New Orleans in 2001. Her complaint focuses on the conduct of her supervisor in New Orleans, Tina Moman. Rec. doc. 1. She urges that Moman had a separate disciplinary system for males and females. Moman also worked in Chicago before coming to New Orleans. Fabre seeks the disciplinary file for Steven O'Reilly, an American employee who worked with Moman in Chicago. Rec. doc. 47 at p. 1.

American contends that Fabre should not have access to O'Reilly's personnel file, because he is non-party employee and he is not similarly situated to Fabre. In the context of an age discrimination case, the Fifth Circuit said:

> This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge.

Wyvill v. United Companies Life Insurance Company, 212 F.3d 296, 302 (5th Cir. 2000). See also Franklin v. Living Centers-East, Inc., 1999 WL 615171 at 3(Wilkinson, M.J.)("only similarly situated employees are relevant to . . . claim of pregnancy discrimination").

American contends that O'Reilly was not similarly situated to Fabre because: (1) they were employed in different airports; (2) O'Reilly was not supervised by Moman; and (3) he did not engage in conduct similar to Fabre during the relevant time period.[1] American defines the relevant time period as beginning on March 21, 2002, when it implemented Rule 32 in its Rules of Conduct. One part of the rule provides that any "hate-related" conduct, including use of racial epithets, will result in automatic discharge. Exhibit C to Rec. doc. 59. American contends that Fabre was terminated for violation of this rule. For the reasons cited by American, O'Reilly and Fabre are not similarly situated. Accordingly,

---

[1] American supports these statements with reference to exhibits in it's motion for summary judgment. Rec. doc. 59.

IT IS ORDERED that Fabre's motion to compel (Rec. doc. 47) is DENIED.

New Orleans, Louisiana, this 26th day of July, 2006.

                                       **SALLY SHUSHAN**
                            **United States Magistrate Judge**