UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOANIE M. FABRE                              *       CIVIL ACTION

V.                                           *       NO. 05-1647

AMERICAN AIRLINES, INC., ET AL.              *       SECTION "F"


ORDER AND REASONS

Before the Court is American Airlines' motion for summary judgment. For the reasons that follow, the motion is GRANTED.


I.  Background

American Airlines hired Joanie Fabre as a fleet service clerk at Chicago's O'Hare Airport on May 12, 1986. Fabre's job was to load passenger baggage onto airplanes. In May 1989, Fabre was promoted to the position of crew chief, and became responsible for supervising several fleet service clerks. Fabre had numerous performance problems and received written warnings, resulting in a voluntary demotion in 1995. After her demotion to a fleet service clerk, Fabre's job performance did not improve. For example, on July 12, 1996, Fabre was given a written warning for not verifying the weight of dangerous goods that were loaded onto an airplane, resulting in a gross weight discrepancy on the airplane and a safety risk.

But then Fabre transferred to New Orleans' Louis Armstrong

International Airport in December 2001 and was promoted to a crew chief again.  Fabre continued to have performance difficulties and was demoted in June 2002.[1]  Her conduct deteriorated even more, and she subsequently engaged in threatening and racially derogatory behavior, in violation of American Airlines internal policies.[2]

A complaint was filed by one of Fabre's fellow employees in February 2004, and an internal investigation by the airline's human resource department followed.  The investigation revealed that Fabre had made numerous threats to other employees and made at least one racially inflammatory remark about another employee.  Following company policy regarding personnel decision-making, Fabre's supervisor consulted with a panel of employees from the Human Resources Department regarding Fabre's alleged infraction of company anti-harassment policy.  The panel and Fabre's supervisor determined that Fabre had violated internal company policies prohibiting threatening and racially motivated hostile behavior and fired her in March 2004.

Representatives from American Airlines and Fabre's labor union

---

[1] Examples of Fabre's poor work performance include: failing to instruct her assigned fleet service clerks properly on the loading of thirty-one passenger bags, resulting in delays and associated costs; causing two lengthy flight delays by overlooking standby baggage; refusing to load bags as instructed by her supervising crew chief; and incurring over 117 hours of unexcused absences.

[2] Rule 32 of American Airlines' internal policies prohibits threats and hate-related behavior.  The rule was amended in March 2002 to promulgate a no-tolerance policy against harassment and discrimination:  "Behavior that is also hate-related will result in immediate termination of employment, regardless of length of service and prior employment."

attended an arbitration hearing in August 2004.  The arbitration board found that "[t]here has been a violation of Rules 16 and 32 by [Fabre]," but her comments "were not adjudged to be hate-related" and therefore, "termination [was] not in order."  The arbitration decision was not binding, however, and on May 17, 2004, Fabre filed a complaint with the Louisiana Commission on Human Rights and Equal Employment Opportunity Commission, charging racial and gender discrimination.  She alleged that the discrimination took place on March 20, 2004, the date of her termination from American Airlines, and that she was "discharged because of [her] race, black, and [her] sex, female."  The EEOC issued Fabre a notice of her right to sue on February 2, 2005, and she filed this lawsuit on May 3, 2005, presumably within ninety days of her receipt of the notice.  In her original and first amended complaint, Fabre alleged racial, age, and gender discrimination as the cause of her termination and also a hostile work environment.  In her second supplemental and amended complaint, Fabre only alleged gender discrimination as the cause of her termination and the creation of a hostile work environment.[3]  American Airlines now

---

[3] Rule 15(d) of the Federal Rules of Civil Procedure allows plaintiffs to supplement their pleadings, "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Supplemental pleadings are only allowed with the permission of the Court and are not a forum to include events and occurrences which transpired before the date of the original complaint. In May 2005, American Airlines moved the Court to direct Fabre to provide a more definite statement of the causes of action. Fabre's counsel eventually complied with this request, but counsel did not receive the permission of the Court to file a supplemental pleading, and the pleading filed did not include

moves for summary judgment, arguing that Fabre's hostile work environment claim is barred because she did not exhaust her administrative remedies and that her gender discrimination claim fails because she cannot establish a <u>prima facie</u> case of discrimination nor can she demonstrate that her termination by American Airlines was a pretext or motivating factor for gender discrimination.

II. Fabre's Hostile Work Environment Claim

Plaintiffs claiming employment discrimination must exhaust their administrative remedies before pursuing claims in federal court. <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002); <u>Tolbert v. United States</u>, 916 F.2d 245-247-48 (5th Cir. 1990)(per curiam).  Courts may not consider claims brought under Title VII that were not included in a charge of discrimination with the EEOC.  <u>Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 711-12 (5th Cir. 1994).  In fact, the Fifth Circuit has upheld the bar of hostile work environment claims where nothing other than "discrete acts of discrimination," such as termination, were raised on the EEOC charge.  <u>Stith v. Perot Systems Corp.</u>, 122 Fed. Appx. 115, 118 (5th Cir. 2005); <u>see also O'Brien v. Lucas Associates Personnel, Inc.</u>, 127 Fed. Appx. 702, 708 (5th Cir. 2005).

---

information or events that occurred after May 3, 2005, the date
of the original complaint.  Therefore, the complaint filed by her
attorney on August 26, 2005 is treated as an amended complaint
under Rule 15(a).  This complaint only alleges gender
discrimination; therefore, her racial discrimination claim is
treated as voluntarily dismissed.

In this case, Fabre did not raise the issue of a hostile work environment in her complaint to the EEOC. She only alleged wrongful termination based upon race, age, and gender discrimination. Because she has not exhausted her administrative remedies for her hostile work environment claim, the claim is barred from review by this Court.

### III.  Fabre's Gender Discrimination Claim

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party

must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

In order to survive a summary judgment, Fabre must raise a genuine issue of material fact that American Airlines discriminated against her.  To do so, she must rely on the burden-shifting method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  In cases involving termination for workplace rule violations, a plaintiff must first establish a prima facie case by showing that: she was a member of a protected class or group, such as race or gender; she was qualified for the job that she held; she suffered adverse employment action; and that similarly situated individuals outside her protected class were treated more favorably.  Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001); Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995).

If Fabre establishes a prima facie case of discrimination, the burden then shifts to American Airlines to rebut her case by articulating a legitimate, non-discriminatory reason for any

alleged unequal treatment.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-56 (1981); Bodenheimer v. PPG Industries, Inc., 5 F.3d 955 (5th Cir. 1993).  If American Airlines can articulate a non-discriminatory reason for its decision to terminate Fabre, then she must satisfy the final prong of the McDonnell Douglas analysis: she must either show that American Airlines' reasons for termination are not true, but merely pretexts for discrimination, or that the reasons are true, but Fabre's gender was a motivating factor.  McDonnell Douglas, 411 U.S. at 807-08; Keelan v. Majestco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005)(citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

To show that American Airlines' decision to terminate her was a pretext for gender discrimination, Fabre must establish that a discriminatory reason more likely motivated the decision or that the reasons given for the decision are unworthy of credence.  Laurence v. Chevron U.S.A., Inc., 885 F.2d 280, 283-84 (5th Cir. 1994).  The Court "may not disregard the defendant's explanation without countervailing evidence that it was not the real reason for the [adverse action]."  Guthrie v. Tifco Industries, 941 F.2d 374, 377 (5th Cir. 1991).  Absent countervailing evidence, then, the Court must accept as true American Airlines' explanation about Fabre's termination.  Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 566 (5th Cir. 1983).  "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of a doubt is insufficient."  E.E.O.C. v. La. Office of Cmty. Servs., 47

F.3d 1438, 1444 (5th Cir. 1995).

Fabre cannot make a <u>prima facie</u> case of discrimination because she has not shown that similarly situated individuals outside her protected class were treated more favorably.  She has not presented evidence to suggest that she was treated less favorably than men for the same behavior.  Because she cannot present a <u>prima facie</u> case for discrimination, the Court is left to accept as true the American Airlines explanation for her termination.  Fabre is left now to show that the company's explanation is either a pretext for discriminatory behavior or that, while the airline's explanation for her termination has validity, it is also true that her gender played a role in the decision-making process to terminate.  Fabre has not met this burden.  In her pleading, Fabre challenges the investigation into her behavior at work, but does not present the Court with any evidence that would suggest either a pretext or a mixed motive by American Airlines in her termination.  She leaves the Court with no choice but to grant summary judgment in favor of the airline.

IT IS ORDERED that American Airlines' motion for summary judgment is GRANTED and the case against it is dismissed with prejudice.

New Orleans, Louisiana, January 9, 2007.

_____
Martin L. C. Feldman
United States District Judge